MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ERNESTA VILLEGAS, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| LEX 1751 INC (D/B/A A1 | |
| LAUNDROMAT), FORTUNE ONE, INC. | **ECF Case** |

LEX 1751 INC  (D/B/A A1
LAUNDROMAT), FORTUNE ONE, INC.
(D/B/A AAA LAUNDROMAT), NEKASA,
INC.  (D/B/A AAA LAUNDROMAT), AAA
LAUNDRY SERVICES, INC.  (D/B/A AAA
LAUNDROMAT), KLEENER KING GROUP
INC.  (D/B/A AAA LAUNDROMAT),
FAROOQ IMRAN , ABIDA IMRAN , and
NEIL KAPRE ,

*Defendants.*
-------------------------------------------------------X

Plaintiff Ernesta Villegas ("Plaintiff Villegas" or "Ms. Villegas"), individually and on

behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon her knowledge and belief, and as against Lex 1751 Inc (d/b/a A1 Laundromat), Fortune

One, Inc. (d/b/a AAA Laundromat), Nekasa, Inc. (d/b/a AAA Laundromat), AAA Laundry

Services, Inc. (d/b/a AAA Laundromat), Kleener King Group Inc. (d/b/a AAA Laundromat),

("Defendant Corporations"), Farooq Imran,  Abida Imran, and  Neil Kapre, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## **NATURE OF ACTION**

1.    Plaintiff Villegas is a former employee of Defendants Lex 1751 Inc (d/b/a A1 Laundromat), Fortune One, Inc. (d/b/a AAA Laundromat), Nekasa, Inc. (d/b/a AAA Laundromat), AAA Laundry Services, Inc. (d/b/a AAA Laundromat), Kleener King Group Inc. (d/b/a AAA Laundromat), Farooq Imran, Abida Imran, and Neil Kapre.

2.    Defendants own, operate, or control three laundromats, located at 1751 Lexington Ave., New York, NY 10029 under the name "A1 Laundromat" (hereafter the "Lexington location"), at 2272 2nd Ave., New York, NY 10035 under the name "AAA Laundromat" (hereafter the "2nd Avenue location"), and at 254 E 122nd Street, New York, NY 10035 under the name "AAA Laundromat" (hereafter the "254 East location").

3.    Upon information and belief, individual Defendants Farooq Imran, Abida Imran, and Neil Kapre, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundromats as a joint or unified enterprise.

4.    Plaintiff Villegas was employed as a clothes washer, ironer and folder at the laundromats located at 1751 Lexington Ave., New York, NY 10029, 2272 2nd Ave, New York, NY 10035, and 254 E 122nd Street, New York, NY 10035.

5.    At all times relevant to this Complaint, Plaintiff Villegas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Villegas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Furthermore, Defendants repeatedly failed to pay Plaintiff Villegas wages on a timely basis.

8.     Defendants' conduct extended beyond Plaintiff Villegas to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villegas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Villegas now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Villegas seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Villegas's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate three laundromats located in this district. Further, Plaintiff Villegas was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Ernesta Villegas ("Plaintiff Villegas" or "Ms. Villegas") is an adult individual residing in New York County, New York.

15.    Plaintiff Villegas was employed by Defendants at "A1 Laundromat" and "AAA Laundromat" from approximately January 2014 until on or about September 2014, then from approximately February 2015 until on or about  May 2017 and then from approximately December 2017 until on or about December 2018.

16.    Plaintiff Villegas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all relevant times, Defendants owned, operated, or controlled three laundromats, located at 1751 Lexington Ave., New York, NY 10029 under the name "A1 Laundromat", at 2272 2nd Ave., New York, NY 10035 under the name "AAA Laundromat", and at 254 E 122nd Street, New York, NY 10035 under the name "AAA Laundromat".

18.    Upon information and belief, Lex 1751 Inc (d/b/a A1 Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1751 Lexington Ave., New York, NY 10029.

19.    Upon information and belief, Fortune One, Inc. (d/b/a AAA Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 2272 2nd Ave., New York, NY 10035.

20.    Upon information and belief, Nekasa, Inc. (d/b/a AAA Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2272 2nd Ave, New York, NY 10035.

21.    Upon information and belief, AAA Laundry Services, Inc. (d/b/a AAA Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 254 E 122nd Street, New York, NY 10035.

22.    Upon information and belief, Kleener King Group Inc. (d/b/a AAA Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 254 E 122nd Street, New York, NY 10035.

23.    Defendant Farooq Imran is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Farooq Imran is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Farooq Imran possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villegas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Abida Imran is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abida Imran is sued individually

in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Abida Imran possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villegas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Neil Kapre is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Neil Kapre is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Neil Kapre possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villegas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate three laundromats located in the East Harlem section of Manhattan in New York City.

27.     Individual Defendants, Farooq Imran, Abida Imran, and Neil Kapre, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Villegas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Villegas, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Villegas (and all similarly situated employees) and are Plaintiff Villegas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Villegas and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Farooq Imran, Abida Imran, and Neil Kapre operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)   intermingling assets and debts of their own with Defendant Corporations,

g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Villegas's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Villegas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Villegas's services.

34.    In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundromats on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.    Plaintiff Villegas is a former employee of Defendants who was employed as a clothes washer, ironer and folder.

37.    Plaintiff Villegas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ernesta Villegas*

38.    Plaintiff Villegas was employed by Defendants from approximately January 2014 until on or about September 2014, then from approximately February 2015 until on or about May 2017 and then from approximately December 2017 until on or about December 2018.

39.     Defendants employed Plaintiff Villegas as a clothes washer, ironer and folder.

40.     Plaintiff Villegas regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

41.     Plaintiff Villegas's work duties required neither discretion nor independent judgment.

42.     Throughout her employment with Defendants, Plaintiff Villegas regularly worked in excess of 40 hours per week.

43.     From approximately January 2014 until on or about September 2014, Plaintiff Villegas worked at the Lexington location from approximately 2:30 p.m. until on or about 10:30 p.m., 5 days a week and from approximately 6:00 a.m. until on or about 10:30 p.m., one day a week (typically 56.5 hours per week).

44.     From approximately February 2015 until on or about May 2015, Plaintiff Villegas worked at the Lexington Avenue location from approximately 2:30 p.m. until on or about 10:30 p.m., 5 days a week and from approximately 6:00 a.m. until on or about 10:30 p.m., one day a week (typically 56.5 hours per week).

45.     From approximately June 2015 until on or about August 2015, Plaintiff Villegas worked at the 254 East location from approximately 12:00 p.m. until on or about 8:00 p.m., 6 days a week (typically 48 hours per week).

46.     From approximately September 2015 until on or about May 2016, Plaintiff Villegas worked at the 254 East location from approximately 7:00 a.m. until on or about 8:00 p.m., 6 days a week (typically 66 hours per week).

47.     From approximately June 2016 until on or about May 2017, Plaintiff Villegas worked at the Lexington location from approximately 2:30 p.m. until on or about 10:30 p.m., 5 days a week

and from approximately 6:00 a.m. until on or about 10:30 p.m., 1 day a week (typically 56.5 hours per week).

48.    From approximately December 2017 until on or about May 2018, Plaintiff Villegas worked at the 2nd Avenue location from approximately 6:00 a.m. until on or about 3:00 p.m. to 6:00 p.m., 6 days a week (typically 54 to 72 hours per week).

49.    From approximately June 2018 until on or about December 2018, Plaintiff Villegas worked at the 2nd Avenue location from approximately 6:00 a.m. until on or about 3:00 p.m. to 6:00 p.m., 5 days  a week (typically 45 to 60 hours per week).

50.    From approximately January 2014 until on or about January 2018, Defendants paid Plaintiff Villegas her wages in cash.

51.    From approximately February 2018 until on or about December 2018, Defendants paid Plaintiff Villegas her wages by check.

52.    From approximately January 2014 until on or about May 2015, Defendants paid Plaintiff Villegas $8.00 per hour.

53.    From approximately June 2015 until on or about May 2018, Defendants paid Plaintiff Villegas $9.00 per hour.

54.    From approximately June 2018 until on or about December 2018, Defendants paid Plaintiff Villegas $10.50 per hour.

55.    Plaintiff Villegas's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

56.    For example, Defendants required Plaintiff Villegas to work an additional 3 hours past her scheduled departure time every day, and did not pay her for the additional time she worked.

57.    Defendants never granted Plaintiff Villegas any breaks or meal periods of any kind.

58.     Plaintiff Villegas was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

59.     Defendants took improper and illegal deductions from Plaintiff Villegas's wages; specifically, in five occasions Defendants made Plaintiff Villegas pay $10 to $20 from her own wages because there was money missing in the cash register.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Villegas regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Villegas an accurate statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff Villegas, in English and in Spanish (Plaintiff Villegas's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villegas (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

64.     Plaintiff Villegas was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

- 11 -

65.     Defendants' pay practices resulted in Plaintiff Villegas not receiving payment for all her hours worked, and resulted in Plaintiff Villegas's effective rate of pay falling below the required minimum wage rate.

66.     Defendants habitually required Plaintiff Villegas to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

67.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

68.     Defendants paid Plaintiff Villegas her wages in cash and then by checks.

69.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Villegas (and similarly situated individuals) worked, and to avoid paying Plaintiff Villegas properly for her full hours worked.

71.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Villegas and other similarly situated former workers.

73.     Defendants failed to provide Plaintiff  Villegas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Villegas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.     Plaintiff Villegas brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

76.     At all relevant times, Plaintiff Villegas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

77.     The claims of Plaintiff Villegas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

78.     Plaintiff Villegas repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Villegas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Villegas (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

80.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.     Defendants failed to pay Plaintiff Villegas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83.     Defendants' failure to pay Plaintiff Villegas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Villegas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

85.     Plaintiff Villegas repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Villegas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Villegas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Villegas (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89.     Plaintiff Villegas repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Villegas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Villegas, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Villegas less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Villegas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.    Plaintiff Villegas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

94.    Plaintiff Villegas repeats and realleges all paragraphs above as though fully set forth herein.

95.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Villegas overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.    Defendants' failure to pay Plaintiff Villegas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.    Plaintiff Villegas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

98.    Plaintiff Villegas repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants failed to provide Plaintiff Villegas with a written notice, in English and in Spanish (Plaintiff Villegas's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

- 16 -

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Villegas in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

101.    Plaintiff Villegas repeats and realleges all paragraphs above as though fully set forth herein.

102.    With each payment of wages, Defendants failed to provide Plaintiff Villegas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.    Defendants are liable to Plaintiff Villegas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

104.    Plaintiff Villegas repeats and realleges all paragraphs above as though set forth fully

herein.

105.    At all relevant times, Defendants were Plaintiff Villegas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

106.    Defendants made unlawful deductions from Plaintiff Villegas's wages; specifically, in five occasions Defendants made Plaintiff Villegas pay $10 to $20 from her own wages because there was money missing in the cashier.

107.    The deductions made from Plaintiff Villegas's wages were not authorized or required by law.

108.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Villegas's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

109.    Plaintiff Villegas was damaged in an amount to be determined at trial.


## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

110.     Plaintiff Villegas repeats and realleges all paragraphs above as though set forth fully herein.

111.    Defendants did not pay Plaintiff Villegas on a regular weekly basis, in violation of NYLL §191.

112.    Defendants are liable to Plaintiff Villegas in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Villegas respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villegas and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villegas and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Villegas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Villegas and the FLSA Class members;

(f)    Awarding Plaintiff Villegas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Villegas and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Villegas;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Villegas;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Villegas;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Villegas's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Villegas;

(m)     Awarding Plaintiff Villegas damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Villegas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Villegas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Villegas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Villegas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Villegas demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       July 22, 2019

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By:    /s/ Michael Faillace
                                 Michael Faillace [MF-8436]
                                 60 East 42nd Street, Suite 4510
                                 New York, New York 10165
                                 Telephone: (212) 317-1200
                                 Facsimile: (212) 317-1620
                                 *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

June 27, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Ernesta Villegas

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                    _____

Date / Fecha:                         27 de Junio 2019

*Certified as a minority-owned business in the State of New York*